**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irvin Darryl Williams, Sr., | No. CV-17-01834-PHX-DWL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On May 29, 2018, Petitioner filed a motion asking to be released from custody pending the resolution of his habeas petition. (Doc. 36.) On December 6, 2018, Magistrate Judge Metcalf issued a Report and Recommendation ("R&R") recommending that Petitioner's motion for release be denied. (Doc. 68.) Afterward, Petitioner filed objections to the R&R (Doc. 69) and a motion for ruling (Doc. 72). As explained below, the Court will overrule Petitioner's objections and adopt the R&R's conclusion that the motion for release should be denied.

I. <u>Background</u>

On June 13, 2017, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his convictions in Arizona for sexual abuse and two counts of sexual molestation of a child. (Doc. 1.)

On October 31, 2017, Petitioner filed an amended petition. (Doc. 17.)

On November 16, 2017, the Court issued an order requiring Respondents to answer the amended petition "within 40 days," *i.e.,* by December 26, 2017. (Doc. 19 at 7.)

On December 27, 2017—the day after this deadline had elapsed—Respondents filed a motion for an extension of time to file their answer. (Doc. 23.) The Court granted this request and extended the answer deadline to February 9, 2018. (Doc. 24.)

On February 9, 2018, Respondents filed a second motion for an extension of time to file an answer to the petition, or alternatively, a motion to stay the habeas petition and hold it in abeyance pending the outcome of Petitioner's state post-conviction proceeding. (Doc. 25.) Four days later, on February 13, 2018, Petitioner filed a motion objecting to any extension of time that might be requested and seeking a default judgment against Respondents. (Doc. 26.) On March 23, 2018, the Court ordered Respondents to either supplement their motion to stay or withdraw it. (Doc. 29.) After Respondents withdrew the stay request (Doc. 30), the Court ordered Respondents to file an answer by April 27, 2018. (Doc. 31.)

On April 27, 2018, Respondents filed a third motion for an extension of time to file an answer to the petition. (Doc. 32.) Petitioner moved for default (Doc. 33) and filed an opposition to Respondents' motion for an extension (Doc. 34). The Court extended the response deadline to May 27, 2018 and cautioned that further extensions would not be granted lightly. (Doc. 35 at 2-3.)

Respondents did not file a response by the May 27, 2018 deadline. On May 29, 2018, Petitioner filed a 27-page document entitled "Motion for Entry of Default or Release Pending Appeal Decision." (Doc. 36.) In it, Petitioner argues he is entitled to a default judgment because Respondents repeatedly missed the various deadlines the Court set for their answer to his petition. (*Id.* at 1.) Petitioner alternatively asks to be released from custody during the pendency of these proceedings because he is "actually innocent" and because he "was arrested as a result of an illegal search and seizure . . . , an involuntary confession was used . . . , the indictment was obtained using perjured testimony by the only grand jury witness . . . , petitioner was unconstitutionally denied bond, and among other things the state is guilty of egregious prosecutorial misconduct . . . ." (*Id.* at 3.)

On May 30, 2018, Magistrate Judge Metcalf issued an order denying Petitioner's

request for a default judgment.  (Doc. 38.)  The order further stated that "[t]he Motion for Preliminary Release Pending Appeal will be addressed by separate Report & Recommendation."  (*Id.* at 1.)  On June 13, 2018, Respondents filed an opposition to the release request.  (Doc. 39.)  On July 6, 2018, Petitioner filed a reply in support of his release request.  (Doc. 47.)

On December 6, 2018, Magistrate Judge Metcalf issued an R&R concluding that Petitioner's release request should be denied.  (Doc. 68.)  The R&R states that (1) requests for bail in habeas proceedings are governed by Rule 23 of the Federal Rules of Appellate Procedure, (2) bail in this context should be granted only in "extraordinary cases involving special circumstances or a high probability of success," (3) Petitioner hasn't demonstrated special circumstances ("His desire to be with family for the holidays . . . is not special, but could be said of most habeas petitioners with family."), and (4) Petitioner hasn't demonstrated a high probability of success because the claim he identified as the strongest claim in his amended petition—Ground 19, which asserts a Fourth Amendment challenge to the prosecution's introduction of a "confrontation call" in which he made inculpatory statements—is a weak claim in light of longstanding case law establishing that the Fourth Amendment doesn't apply to confrontation calls and that Fourth Amendment claims generally aren't cognizable on habeas review.  (*Id.*)

On December 19, 2018, Petitioner filed written objections to the R&R.  (Doc. 69.) Respondents did not file a response to the objections.

II.    <u>Legal Standard</u>

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it.  Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

## III.   Analysis

Petitioner argues (1) the R&R improperly viewed "the Petitioner's reply as weak seemingly just because the Petitioner took just under 6 months to file the reply when there has been no reference made as to the Respondents [sic] response being weak even though it took over 6 months to be filed" (*see* Doc. 69 at 1), (2) the R&R shouldn't have considered Respondents' counter-arguments because "the defenses are based on lies or the record is clear that their preclusion or exhaustion arguments must fail" (*id.*), (3) the R&R focused too narrowly on Petitioner's chances of succeeding on his Fourth Amendment claim (Ground 19) and should have considered his other claims, too (*id.* at 1-2), (4) Petitioner's other claims, which aren't subject to an exhaustion defense, are likely to succeed (*id.* at 2-7),[1] and (5) Petitioner has adequately shown "special circumstances" because he's already been required to spend five years in prison "for violating what this Court has ruled as an unconstitutional statute," after having had "an indictment hearing based on perjured testimony, a trial reduced to a sham due to a bias [sic] judge, trial by ambush by the prosecution, perjury from State witnesses and a defense attorney admittedly unprepared" (*id.* at 7-8).

---

[1]    Petitioner specifically argues that he is likely to succeed on the following claims: (1) trial counsel was ineffective in failing to challenge the constitutionality of A.R.S. § 13-1410, as this Court (in *May v. Ryan*, 14-cv-1409-PHX-NVW) already ruled that statute is unconstitutional; (2) the "trial judge's prior involvement in the prosecution of the accuser's biological father in an eerily similar child molestation case required her recusal"; (3) speedy trial claims; (4) *Brady* claims; (5-6) perjured testimony claims, which aren't subject to a state procedural bar; (7) a claim that his statements were involuntary; (8-9) prosecutorial misconduct claims; (10) due process claims premised on excessive continuances of the trial date; (11) a 404(b) evidence claim; (12-13) claims for improper limitation on cross-examination; (14-16) an ineffective-assistance claim; (17) a claim that his right to self-representation was violated; (19) an apparent claim of judicial bias; and (20) a failure-to-preserve-evidence claim. (Doc. 69 at 2-7.)

The Court will overrule Petitioner's objections. In *In re Roe*, 257 F.3d 1077 (9th Cir. 2001), the Ninth Circuit reversed a district court's decision to grant bail in a § 2254 proceeding. *Id.* at 1078-79. After noting that it is unclear whether a district court ever "has the authority to grant bail pending a decision on a 28 U.S.C. § 2254 habeas corpus petition," the Ninth Circuit concluded that, even assuming such authority might exist, the district court "clearly erred" in granting bail because it failed to make "the requisite demonstration that this is an 'extraordinary case[ ] involving special circumstances or a high probability of success.'" *Id.* at 1079-80 (citation omitted). In reaching this conclusion, the court emphasized that "the seriousness of the constitutional violations" alleged cannot justify release on bail because "mere allegations" are not adequate grounds for release. *Id.* Furthermore, although the district court had relied on evidence of the petitioner's actual innocence, the Ninth Circuit concluded the evidence presented was not compelling enough to constitute a "special circumstance" rendering the petitioner's case "extraordinary." *Id.* at 1081.[2]

Petitioner is not entitled to relief under these standards. Although Petitioner has alleged serious constitutional violations, "mere allegations" are not sufficient. *Roe*, 257 F.3d at 1080. Furthermore, even assuming that bail might be available if a habeas petitioner demonstrated a high probability of success on the merits, *but see Hall v. San Francisco Sup. Ct.*, 2010 WL 890044, *3 (N.D. Cal. 2010) ("[I]n *Land* and subsequently in *Roe*, the Ninth Circuit equated the existence of 'substantial questions' with a 'high probability of success.' The two standards appear to be markedly different, though . . . ."), Petitioner hasn't made such a showing here. Although Petitioner purports to identify more than a dozen constitutional violations that occurred during his prosecution, many of these claims are developed in only a cursory fashion. *Cf. Lee v. Kane*, 2009 WL 3378502, *2 (D. Ariz. 2009) (denying motion for release because "[u]pon the record currently before the Court,

---

[2]     The Ninth Circuit also noted two points not relevant here: a petitioner's failing health is not a relevant factor unless required treatment is unavailable in prison, and having a stable place to stay, while relevant to whether a petitioner is a flight risk, does not constitute a special circumstance. *Id.*

it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited adjudication or immediate release from custody"). Moreover, the evidence against Petitioner at trial appears to have been strong and included (1) evidence that, during a confrontation call, Petitioner made incriminating statements, including admissions that "he touched [two victims] inappropriately," and (2) testimony from one victim that Petitioner "touched her vagina and caused her to touch his penis, when she was fourteen years old." *State v. Williams*, 2017 WL 34857, *1-2 (Ariz. Ct. App. 2017). Indeed, in affirming Petitioner's conviction, the Arizona Court of Appeals noted that "substantial evidence supported the finding of guilt." *Id.* at *7.

Accordingly, **IT IS ORDERED** that:

(1)     Petitioner's objections to the R&R (Doc. 69) are overruled;

(2)     The recommended disposition of the R&R (Doc. 68) is accepted;[3]

(3)     The motion for release (Doc. 36) is denied; and

(4)     The reference to the Magistrate Judge is withdrawn only with respect to Petitioner's January 31, 2019 motion for ruling (Doc. 72), and that motion is denied as moot.

Dated this 11th day of February, 2019.

Dominic W. Lanza
United States District Judge

---

[3]     Although the Court accepts the R&R's conclusion that the motion for release should be denied, as well as the R&R's conclusion that Petitioner hasn't established special circumstances or a high probability of success, the Court disagrees with the R&R's statement that "Federal Rules of Appellate Procedure Rule 23 governs the release of a prisoner collaterally attacking a conviction through a habeas petition." (Doc. 68.) As noted above, the standards articulated in *Roe* govern this issue. *Roe*, 257 F.3d at 1080 n.2 ("While Rule 23 sets forth conditions for the release on bail of habeas petitioners pending appeal of district court decisions granting as well as denying their petitions, the Rule does not appear to contemplate release on bail pending an initial decision in district court."); *see also Fontenot v. Ryan*, 2016 WL 3087297, *2 (D. Ariz. 2016).