# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irvin Darryl Williams, Sr., | No. CV-17-01834-PHX-DWL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court are Magistrate Judge Metcalf's report and recommendation on dispositive motions ("the R&R") (Doc. 108) and Petitioner's objections to the R&R (Doc. 110). For the following reasons, the Court will overrule Petitioner's objections and adopt the R&R. This outcome means the Court will also deny Petitioner's motion for summary judgment (Doc. 102) and grant Respondents' motion to amend (Doc. 105).

I. <u>Background</u>

The Court adopts the background details set forth in the R&R, which can be summarized as follows. This is a habeas corpus proceeding under 28 U.S.C. § 2254. In June 2017, Petitioner filed his initial petition. (Doc. 1.) In October 2017, Petitioner filed an amended petition, which asserts 26 grounds for relief. (Doc. 17.)

On May 29, 2018, Respondents filed a limited answer. (Doc. 37.) In several instances, Respondents only raised procedural defenses. For example, with respect to Ground Six of the amended petition—Petitioner's claim that the state suborned perjury

during his trial—Respondents' sole response was that "[a]lthough the record reflects that Petitioner presented these claims during his direct appeal, . . . he failed to fairly present them as federal constitutional claims. . . . Accordingly, Petitioner's claims are procedurally defaulted and barred from federal habeas review . . . ." (*Id.* at 23.)

On February 25, 2019, Judge Metcalf advised the parties that he had tentatively concluded that some of Respondents' proffered procedural defenses were insufficient and thus directed Respondents to supplement their answer and the record. (Doc. 76.) One of the grounds as to which Judge Metcalf ordered supplementation was Ground Six. (*Id.* at 19-22.)

On May 31, 2019, Respondents filed their supplemental answer. (Doc. 87.) Unfortunately, Respondents failed to include, in this 99-page document, any additional discussion concerning Ground Six. (*Id.*)

On August 16, 2019, Petitioner filed a "motion for summary judgment." (Doc. 102.) In a nutshell, Petitioner argued that because Respondents failed to address the merits of Ground Six in their supplemental answer, "[t]here is no genuine dispute as to any material fact regarding the knowing use of perjured testimony that in this case requires reversal." (*Id.* at 1.)

On September 26, 2019, Respondents filed a document entitled "Motion for leave to amend supplemental answer/Respondents' opposition to Petitioner's motion for summary judgment." (Doc. 105.) In it, Respondents explained that, "due to an apparent oversight or technical error, the filed supplemental answer did not contain the response to Ground Six that was present in the non-filed draft of the supplemental response." (*Id.* at 2.) Thus, Respondents requested leave to amend their supplemental answer to address Ground Six. (*Id.* at 2-3.) Alternatively, Respondents urged the Court to deny Petitioner's summary judgment motion because (1) the relief sought by Petitioner would effectively amount to a default judgment, which is impermissible in a habeas proceeding, and (2) Petitioner is not, in any event, entitled to summary judgment under Rule 56 because there is still a disputed issue concerning exhaustion. (*Id.* at 3-4.)

On November 5, 2019, Judge Metcalf issued the R&R. (Doc. 108.) First, the R&R recommends that Petitioner's summary judgment motion be denied because (1) summary judgment is "inappropriate" in a habeas proceeding because "the summary judgment rules are generally ill fitted to habeas cases," and (2) Petitioner is effectively seeking a default judgment, yet the relevant case law—*Gordon v. Duran*, 895 F.2d 610 (9th Cir. 1990), and *Blietner v. Wellborne*, 15 F.3d 652 (7th Cir. 1994)—makes clear that default judgment is inappropriate in the habeas context. (Doc. 108 at 2-3.) Second, the R&R recommends that Respondents' motion to amend be granted because Rule 15(a)(2) provides that leave to amend should be freely granted, the proposed amendment isn't futile, Petitioner hasn't suffered undue prejudice from the delay ("out of the 28 months this case has been pending, only 133 days can be attributed to delay by Respondents in filing briefs"), and Respondents acted promptly upon learning about the oversight. (*Id.* at 4-6.)

On November 25, 2019, Petitioner filed his objections to the R&R. (Doc. 110.)[1]

II. <u>Legal Standard</u>

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules").[2] Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added). District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.

---

[1] On November 26, 2019, Respondents—apparently not realizing that the November 5, 2019 ruling by Judge Metcalf was an R&R, not a final ruling on their motion to amend—filed their supplemental answer concerning Ground Six. (Doc. 109.)

[2] Although Petitioner's objections were docketed 20 days after the R&R was issued, Petitioner asserts that he received the R&R on November 8, 2019 and mailed his objections to the Court on November 20, 2019. (Doc. 110 at 8.) Thus, the objections will be considered timely.

- 3 -

2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

III. The Objections To The R&R

Petitioner raises four objections to the R&R. (Doc. 108.)

First, Petitioner challenges the R&R's bottom-line conclusion that his summary judgment motion should be denied. (*Id.* at 1-3.) Although Petitioner doesn't quarrel with the R&R's observation that summary judgment is "generally ill fitted to habeas cases," he contends this "does not mean that they cannot fit any habeas case and does not mean it does not fit this habeas case." (*Id.* at 1.) Petitioner also contends that *Blietner* is distinguishable because it addressed "the failure to request an extension, not the continued failure to deny allegations." (*Id.* at 2.) Finally, Petitioner argues that Respondents' oversight has resulted in a delay of months, not weeks. (*Id.* at 3.)

This objection will be overruled. Petitioner has not identified any case granting habeas relief to a prisoner by way of a grant of summary judgment under Rule 56. Moreover, and as discussed *infra*, the Court agrees with the R&R's conclusion that Respondents' motion for leave to amend should be granted. Once the amended supplemental answer is filed, the premise underlying Petitioner's request for summary judgment—that Respondents don't dispute his substantive entitlement to relief under Ground Six—will be invalid.

Second, Petitioner challenges the R&R's bottom-line conclusion that Respondents' motion to amend should be granted. (*Id.* at 3-6.) He argues that (1) Local Rule 7.2(i)—the rule providing that a party's failure to respond to a motion "may" be deemed consent to the granting of the motion—should apply here, (2) Judge Metcalf shouldn't have uncritically accepted Respondents' counsel's representation that the omission concerning Ground Six was an oversight and should have instead required counsel to file an affidavit, (3) without such an affidavit, the Court should presume that Respondents acted in bad faith, which is a basis for denying relief under Rule 15, (4) when evaluating whether the delay being sought by Respondents would be prejudicial to Petitioner, the R&R should not have

considered the number of extensions that Petitioner has sought (because he is an untrained pro se litigant), (5) Respondents' request for relief wasn't "prompt," (6) the delay is inherently prejudicial because every extra day spent in custody results in a loss of liberty, (7) the R&R engaged in improper burden shifting by requiring him to establish futility, as opposed to having Respondents affirmatively demonstrate that their proposed amendment would be meritorious, and (8) Respondents were effectively already allowed to amend their answer once, by virtue of the February 2019 supplementation order, so the current request is actually Respondents' second amendment request.

These objections will be overruled. The Court fully accepts the representation by Respondents' counsel that the omission in Respondents' May 2019 filing was inadvertent—Respondents had no reason to omit this information and it is understandable how such a mistake could get made in light of the volume of arguments Respondents were attempting to address in their 99-page filing. Under these circumstances, an affidavit isn't required to prove the omission was inadvertent. And given Rule 15's liberal preference in favor of amendment, the Court easily concludes, in its discretion, that amendment should be allowed under these circumstances.

Third, Petitioner objects to the R&R's recommendation that, if the motion to amend is granted, Respondents be given 21 days to file the amendment. (Doc. 110 at 6-7.) According to Petitioner, 21 days is too long. (*Id.*)

This objection will be overruled as moot. As discussed in footnote 1, Respondents have already filed their amendment. Thus, there is no need to allocate any additional time for its filing.

Fourth, Petitioner objects to the R&R because it fails to specifically "direct Respondents to make sure there are no other 'apparent technical oversights or technical errors'" in the future. (Doc. 110 at 7-8.)

This objection will be overruled. There is no need to specifically remind Respondents not to make future inadvertent errors.

…

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 110) are **overruled**.

(2) The R&R's recommended disposition (Doc. 108) is **accepted**.

(3) Petitioner's motion for summary judgment (Doc. 102) is **denied**.

(4) Respondents' motion to amend (Doc. 105) is **granted**.

(5) Petitioner shall have 28 days from the date of this order to reply to Respondents' supplement concerning Ground Six, which was filed on November 26, 2019 (Doc. 109).

Dated this 3rd day of February, 2020.

Dominic W. Lanza
United States District Judge