**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irvin Darryl Williams, Sr., | No. CV-17-01834-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On November 30, 2020, the Court issued an order denying Petitioner's habeas corpus petition under 28 U.S.C. § 2254. (Doc. 133.) Judgment was entered the same day. (Doc. 134.) Petitioner then appealed, but on August 13, 2021, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Doc. 140.)

Now pending before the Court are three motions by Petitioner that were docketed on March 6, 2024—a motion to reopen the case (Doc. 142), a motion for discovery (Doc. 141), and a motion to add compact disc (Doc. 143). The premise underlying Petitioner's motion to reopen the case is that he has discovered "new evidence [that] challenges this Court's Brady, Confrontation Clause and Judicial Bias decisions" and, thus, "[r]elief is justified pursuant to Fed.R.Civ., Rule 60(b)(6)." (Doc. 142 at 1.)

The Court lacks jurisdiction to consider Petitioner's Rule 60(b)(6) motion because it is, in substance, a successive habeas petition, yet Petitioner has not sought and obtained permission from the Ninth Circuit to file a successive petition. *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005) ("[A] Rule 60(b) motion . . . might seek leave to

present 'newly discovered evidence' in support of a claim previously denied. . . . Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. We think these holdings are correct."); *United States v. Washington*, 653 F.3d 1057, 1062 (9th Cir. 2011) ("[I]f the [Rule 60(b)] motion presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion. . . . [E]xamples of such 'claims' . . . includ[e] . . . a motion to present 'newly discovered evidence' in support of a claim previously denied . . . ."); *Shaw v. Sherman*, 2023 WL 4611824, *3 (S.D. Cal. 2023) ("In essence, Petitioner seeks to reopen his previous habeas claims of the Sixth Amendment ineffective assistance of counsel claim, the *Brady* claim, and the actual innocence claim with the newly discovered evidence under Rule 60(b)(2), and asks the Court to review the merits of his claims again. However, because these claims were already adjudicated in the October 2022 Order, the Court concludes that Petitioner's motion to vacate under Rule 60(b)(2), (3), and (6) must be construed as a second or successive motion[] pursuant to § 2254 and governed by 28 U.S.C. § 2244(b). Consequently, absent authorization from the Ninth Circuit, this Court lacks jurisdiction to consider the merits of his Rule 60(b)(2), (b)(3) and (b)(6) motions.") (cleaned up).

…
…
…
…
…
…
…
…
…

Accordingly,

**IT IS ORDERED** that:

1. Petitioner's motion to reopen (Doc. 142) is **denied**.

2. Petitioner's motion for discovery (Doc. 141) and motion to add compact disc (Doc. 143) are **denied as moot**.

3. This case remains **closed**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

Dated this 26th day of March, 2024.

Dominic W. Lanza
United States District Judge